■ NATALIE FRIEDMAN et al., Respondents, v. BEATRICE FORTGANG et al., Appellants.— Order, entered on March 31, 1964, denying the motion of defendants to dismiss the complaint for failure to prosecute, unanimously affirmed, without costs. In this September, 1961 action for personal injuries incurred in July, 1959, the affidavits of merits submitted by the plaintiffs set forth in especially satisfactory detail evidentiary facts which, if true and proven, establish a strong meritorious case. In view of these affidavits Special Term's exercise of discretion in accepting the rather weak excuses for the delay should not be disturbed (see *Sortino* v. *Fisher*, 20 A D 2d 25, 32). Concur — Breitel, J. P., Rabin, Valente, Stevens and Staley, JJ.

■ JAMES MALTESE, Respondent-Appellant, v. WOODFORD J. TOWNSEND, Appellant-Respondent, and MYRIET CORP., Respondent.— Judgment in favor of plaintiff unanimously reversed on the law, the facts and in the exercise of discretion, the verdict vacated and a new trial granted, with costs to defendant-appellant, unless plaintiff stipulates to accept $10,000 in lieu of the award by verdict (as reduced), in which event the judgment is modified to that extent, and is affirmed as thus modified, with costs to defendant-appellant. In this personal injury negligence action it is evident that the jury verdict (as reduced) is still excessive and that a verdict of in excess of $10,000 is not warranted on the record. Settle order on notice. Concur — Botein, P. J., Rabin, McNally, Stevens and Steuer, JJ.

## (June 25, 1964)

■ ELSIE HALL, Respondent, v. GLADYS HALL, Appellant.— Order, entered on February 14, 1964, denying a motion by defendant for a change of venue to Livingston County, unanimously affirmed, with $20 costs and disbursements to respondent, but without prejudice to making an application for a change of venue to Steuben County. Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.

■ ROSE L. STEINBERG et al., Respondents, and HARRY LEWIS et al., Intervenors-Respondents, v. RICHARD W. ALTSCHULER et al., Appellants, and REPUBLIC PICTURES CORPORATION, Defendant-Respondent, et al., Defendants.— Order, entered on May 1, 1964, denying defendants' motion to dismiss for lack of prosecution, unanimously reversed, on the law and the facts and as a matter of discretion, with $20 costs and disbursements to appellants and the motion granted, with $10 costs. This stockholders' derivative action was begun in 1954. The last step taken was the completion of an examination before trial of the plaintiffs in January, 1961. The affidavit of merits, the correspondence between the attorneys, and the history of the course of the lawsuit present the picture of an action brought in the hope of obtaining a settlement. When this was not forthcoming, there was extreme reluctance to proceed with the action. This, plus the long period of inactivity, are the indicia of abandonment which mandate dismissal (*Sortino* v. *Fisher*, 20 A D 2d 25). While actions of this character usually, and to a degree necessarily, move more slowly than most others, they are still, making allowance for their difficulties, subject to the same rules as regards dismissal for failure to prosecute (*Lurie* v. *Abelove*, 20 A D 2d 631). Concur — Botein, P. J., McNally, Eager, Steuer and Staley, JJ.